**NOT FOR PUBLICATION**

MAR 05 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VALERIE K. SPATES-MOORE, | No. 10-56283 |
| Plaintiff - Appellant, | D.C. No. 8:00-cv-00854-DOC-MLG |
| v. | |
| PATRICK R. DONAHOE, US Postmaster General;* et al., | MEMORANDUM** |
| Defendants - Appellees, | |
| UNITED STATES OF AMERICA, | |
| Real-party-in-interest - Appellee, | |
| and | |
| JEANNE HANNAHS; et al., | |
| Movants. | |

| | |
|---|---|
| VALERIE K. SPATES-MOORE, | No. 10-56303 |

---

\*      Patrick R. Donahoe has been substituted for his predecessor, William J. Henderson, as Postmaster General under Fed. R. App. P. 43(c)(2).

\*\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

|                                                    |                          |
| -------------------------------------------------- | ------------------------ |
| Plaintiff - Appellant,                             | D.C. No. 8:03-cv-01164-DOC- MLG |
| v.                                                 |                          |
| PATRICK R. DONAHOE, US Postmaster General; et al., |                          |
| Defendants - Appellees.                            |                          |

Appeals from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted February 21, 2012[***]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

In these consolidated appeals, Valerie K. Spates-Moore appeals pro se from the district court's summary judgment in her consolidated employment actions. We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Spates-Moore's claim of harassment by her co-worker, Schleicher, because Spates-Moore failed to raise a genuine dispute of material fact as to whether the alleged conduct was because of her sex or race, or was sufficiently severe or pervasive to alter the

_____

[***]    The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

10-56283

conditions of her employment. *See id.* at 642-44 (describing requirements for a sexual or racial harassment claim); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (noting that Title VII is not a "general civility code" and a violation is not established merely by evidence showing "sporadic use of abusive language, gender-related jokes, and occasional teasing" (citations and internal quotation marks omitted)).

The district court properly granted summary judgment on Spates-Moore's claim of sexual harassment by her supervisor, Miracle, because Spates-Moore failed to raise a genuine dispute of material fact as to whether the alleged conduct was sufficiently severe or pervasive to alter the conditions of her employment. *See Vasquez*, 349 F.3d at 642-44.

Spates-Moore's remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Defendants' motion to strike is granted to the extent that Spates-Moore seeks to introduce evidence that was not part of the district court record.

**AFFIRMED.**